UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SANTO ISLAAM, | : | |
| Petitioner, | : | Civ. No. 16-3664 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM AND ORDER** |
| Respondent. | : | |

Petitioner is a federal prisoner proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner is currently serving a 120-month sentence after pleading guilty to one count of possession of a weapon by a convicted felon. Petitioner initially filed this action in June, 2016. (*See* Dkt. No. 1) However, as petitioner did not file his § 2255 motion on the updated form, this Court administratively terminated this action, but gave petitioner the right to reopen. (*See* Dkt. No. 2) On August 5, 2016, this Court received petitioner's § 2255 motion on the updated form. (*See* Dkt. No. 3) The § 2255 motion raises the following claims:

1. Due process rights were violated when he asserted his innocence in previous statements that were ignored.
2. Right to speedy and public trial were violated
3. Counsel never afforded him opportunity to present or confront witnesses against him and was denied effective assistance of counsel.

Subsequently, respondent was ordered to answer the August 5, 2016 § 2255 motion. (*See* Dkt. No. 4)

The government filed its answer to the § 2255 motion on January 27, 2017. Petitioner's reply brief is currently due on March 13, 2017.

On February 10, 2017, this Court received a letter from petitioner. (*See* Dkt. No. 11) Petitioner makes two requests in this letter. First, he requests a copy of his original § 2255. Second, he requests a copy of the transcript from September 10, 2013 that decided an "omnibus motion" by petitioner prior to his guilty plea. Petitioner requests these items so that he can perfect his reply brief.

Petitioner's request for a copy of his original June, 2016 § 2255 motion will be denied. As outlined above, that June, 2016 § 2255 motion is no longer the operative motion in this action as petitioner perfected his § 2255 motion by filing it on the updated form on August 5, 2016. Therefore, this Court sees no reason to provide petitioner with a free copy of a document that is no longer operative in this action.

Petitioner's request for a free copy of the September 10, 2013 transcript will also be denied. Federal statutory law controls the provision of free transcripts to indigent defendants:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title *to persons permitted to sue or appeal in forma pauperis* shall be paid by the United States out of money appropriated for that purpose *if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.*

28 U.S.C. 753(f) (emphasis added). Pursuant to 753(f), the Court must first determine whether petitioner is eligible for IFP status. *See id.; see also Walker v. People Express Airlines, Inc.,* 886 F.2d 598, 600 (3d Cir.1989) (citations omitted). Then, the Court may review petitioner's motion to determine whether or not the suit for which he is requesting transcripts is frivolous, and whether or not furnishing transcripts free of cost is necessary to decide Petitioner's suit. 28 U.S.C. 753(f); *Walker,* 886 F.2d at 600.

When plaintiff initially filed this action in June, 2016, he included an application to proceed *in forma pauperis*. Upon reviewing that application now, it appears as if petitioner is entitled to *in forma pauperis* status. Therefore, his application to proceed *in forma pauperis* will be granted. However, this Court will not grant petitioner's request for a free September 10, 2013 transcript at this time. Petitioner provides no reason whatsoever in his letter why furnishing him a free (presumably additional, *see infra* Note 1) copy of the September 10, 2013 transcript is necessary to decide his claims. Instead, he states in conclusory fashion that he needs a copy of this transcript to perfect his reply. Therefore, this Court will deny this request without prejudice at this time.[1]

Accordingly, IT IS this  21st  day of February, 2017,

ORDERED that petitioner's application to proceed *in forma pauperis* is granted; and it is further

ORDERED that petitioner's request for a copy of his June, 2016 § 2255 motion is denied; and it is further

ORDERED that petitioner's request for a free copy of the September 10, 2013 transcript is denied without prejudice; and it is further

ORDERED that the Clerk shall serve this Order on petitioner by regular U.S. mail.

        s/Robert B. Kugler
        ROBERT B. KUGLER
        United States District Judge

---

[1] Additionally, it is worth noting that petitioner filed a direct appeal whereby the transcript of the September 10, 2013 proceedings was ordered. (*See* Crim. No. 12-776 Dkt. No. 54) Petitioner does not explain why he needs an *additional* copy of the September 10, 2013, as one was presumably available to his counsel on direct appeal.