UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SANTO ISLAAM,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 16-3664 (RBK)

**MEMORANDUM AND ORDER**

      This matter comes before the Court by way of the United States Court of Appeals for the Third Circuit's Order directing this Court to consider whether Petitioner, Santo Islaam, is entitled to relief under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). (ECF No. 35.) On March 27, 2019, this Court issued an Opinion and Order denying Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 20, 21.) On June 13, 1019, this Court received a letter from Petitioner indicating that he had not had access to his legal documents since February 23, 2019, and that he had not received "any legal correspondence from the court." (ECF No. 22.) The docket entry accompanying Petitioner's correspondence indicates that he was subsequently sent a copy of the docket sheet in his case. (*Id*.)

      In a letter received by this Court on June 21, 2019, Petitioner indicated that he had not received notice of the Opinion and Order denying his § 2255 motion and he reiterated that he had not had access to his legal documents for some time. (ECF No. 24.) Petitioner requested forms be sent to him in order to file an appeal. (*Id*.) The docket entry made with the receipt of this letter indicates that Petitioner was sent a "2255 form." (*Id*.) On June 26, 2019, the Court received another letter from Petitioner requesting the Court send him a copy of the March 27, 2019 Opinion and Order denying his § 2255. (ECF No. 25.) He also requested a copy of his original § 2255

petition and attachments, stating that he could file his appeal without it, that he had "limited access to law library, copy machine, or legal assistance, and cannot get all my legal documents pertaining to my 2255[,]" and that prison officials had "gone through my legal papers and shredded my PSI, mis-placed folders and cases and again are not allowing me all my documents pertinent [sic] to my 2255, what ever may be left of it." (*Id.*) The docket entry accompanying this filing indicates that Petitioner was sent a copy of the March 27, 2019 Opinion and Order. (*Id.*)

On October 9, 2019, this Court received another letter from Petitioner requesting another docket sheet, as well as the forms to file a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF No. 27.) Petitioner states that "KKKanaan USP have taken previously submitted writs from my property." (*Id.*) The docket entry indicates that Petitioner was sent a copy of the docket sheet and an *in forma pauperis* application. (*Id.*) On November 10, 2019, Petitioner filed a notice of appeal of this Court's March 27, 2019 decision. (ECF No. 28.) In the notice of appeal before the Third Circuit, Petitioner stated that "federal correctional officers at USP Canaan repeatedly attempted to block his access to the courts" and "[f]or reasons of interference and blocking of access to courts Petitioner request[s] an extension of time for submitting his Notice of Appeal." (*Id.*) He also indicated that he had "clearly" attempted to notify this Court of his intent to appeal. (*Id.*)

Generally, a petitioner must file his notice of appeal within thirty (30) days from the entry of the order. *See* Fed. R. App. P. 4(a)(1)(A). However, Federal Rule of Appellate Procedure 4(a)(5)(A) permits a district court to extend the time to file a notice of appeal if: "(i) the party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is fled before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Additionally, Federal Rule of

Appellate Procedure 4(a)(6) also provides a mechanism for the granting of an extension of time to file a notice of appeal. Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced

Fed R. App. P. 4(a)(6).

Here, it is unclear when Petitioner actually received a copy of this Court's Opinion and Order denying his § 2255 motion and whether Petitioner's ability to file a motion to reopen to the time to file an appeal was hindered by correctional officers. Therefore, in order to determine whether Petitioner is entitled to relief under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6), Petitioner is directed to inform this Court, in writing, within thirty (30) days the date on which he received a copy of this Court's March 27, 2019 Opinion and Order denying his § 2255 motion, his efforts to file an appeal of his § 2255, and any attempts by correctional officials to interfere with his ability to file an appeal in this case.

Therefore, IT IS on this 6<u>th</u> day of April 2020;

ORDERED that the Clerk of the Court shall mark this matter as OPEN; and it is further

ORDERED that within thirty (30) days of the date of this Order that Petitioner shall inform this Court, in writing, the date on which he received a copy of this Court's March 27, 2019 Opinion

and Order denying his § 2255 motion, his efforts to file an appeal of his § 2255, and any attempts by correctional officials to interfere with his ability to file that appeal; and it is further

ORDERED that if Petitioner fails to file a response within thirty (30) days that this Court will make a determination on the matter remanded by the Third Circuit based upon the current record before the Court, which may lead to a denial of the request to enlarge the time to appeal; and it is further

ORDERED that Respondent may file a reply to Petitioner's response within ten (10) days of receiving Petitioner's response; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Order to Petitioner by regular mail.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge