UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SANTO ISLAAM, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-3664 (RBK) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| | : | |
| Respondent. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner Santo Islaam previously filed a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255.  (ECF No. 1.)  This Court denied that petition in an opinion and order on March 27, 2019.  (ECF Nos. 20, 21.)  Several months later, in November 2019, Petitioner filed a notice of appeal with the United States Court of Appeals for the Third Circuit.  (ECF No. 28.)  Presently before the Court is a remand order from the Third Circuit directing this Court to consider whether Petitioner is entitled to relief under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6).  (ECF No. 35.)  For the reasons set forth below, the Court finds that Petitioner is not entitled to relief under either Rule 4(a)(5) or Rule 4(a)(6).

**I.     BACKGROUND**

The Court recites only the facts necessary to the instant decision.  On March 27, 2019, this Court issued an opinion and order denying Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 and sent him a copy via regular U.S. mail.  (ECF Nos. 20, 21.)  On June 13, 2019, the Court received correspondence from Petitioner updating his address from FCI Allenwood to USP Canaan.  (ECF No. 22.)  He stated that he had been at USP Canaan since February 23, 2019 and had not received any legal correspondence.  (*Id.* at 1–2.)  He requested

a copy of the Court's docket sheet. (*Id.* at 1.) The docket entry accompanying Petitioner's submission reflects that the Clerk of the Court sent Petitioner a copy of the docket sheet as requested. The Court again received correspondence from Petitioner on June 21, 2019. (ECF No. 23.) Petitioner stated that he did not receive notice of the Court's opinion and order denying his § 2255 petition and that he had been "in the SHU" without access to legal documents. (ECF No. 24.) He requested the Court send him the forms to file an appeal. (*Id.* at 1.) The docket entry accompanying this correspondence reflects that the Clerk of Court sent Petitioner a "2255 form." (*Id.*)

On June 26, 2019, the Court received further correspondence from Petitioner requesting a copy of the opinion and order denying his § 2255. (ECF No. 25.) He also requested a copy of his original § 2255 petition and attachments, stating that he cannot file his appeal without it, that he has "limited access to law library, copy machine, or legal assistance, and cannot get all my legal documents pertaining to my 2255[,]" and that prison officials have "gone through my legal papers and shredded my PSI, mis-placed folders and cases and again are not allowing me all my documents pertinent [sic] to my 2255, what ever may be left of it." (*Id.*) The docket entry accompanying this filing indicates that Petitioner was sent a copy of the March 27, 2019 Opinion and Order. (*Id.*)

On October 9, 2019, this Court received another letter from Petitioner requesting another copy of the docket sheet, as well as the forms to file a civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF No. 27.) Petitioner stated that "KKKanaan USP have taken previously submitted writs from my property." (*Id.*) The accompanying docket entry indicates that the Clerk of the Court sent Petitioner the requested materials. (*Id.*)

On November 10, 2019, Petitioner filed the notice of appeal of his § 2255 motion, which stated that "federal correctional officers at USP Canaan repeatedly attempted to block his access to the courts" and "[f]or reasons of interference and blocking of access to courts Petitioner request[s] an extension of time for submitting his Notice of Appeal." (ECF No. 28.) On April 3, 2020, the Third Circuit remanded the matter back to this Court for the limited purpose of determining whether Petitioner was entitled to relief under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). (ECF No. 35.) The Third Circuit stated that Petitioner's notice of appeal was filed "well beyond the 60-day limit" for filing an appeal of a § 2255, but that Petitioner potentially alleged "excusable neglect or good cause" to extend the time to file the appeal. (*Id.* at 2.)

On April 6, 2020, in an effort to determine whether Petitioner was entitled to relief under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6), this Court issued an order directing Petitioner to inform the Court the date on which he received a copy of the Court's Opinion and Order denying his § 2255 motion, his efforts to file an appeal of his § 2255 denial, and whether there were any attempts by correctional officials to interfere with his ability to file an appeal. (ECF No. 36.) Petitioner responded stating that he received notice of the Court's denial of his § 2255 on June 17, 2019. (ECF No. 39 at 1.) He did not delineate attempts by correctional officials to interfere with his ability to file an appeal of his § 2255, except to state that he was not given access to his legal materials until after he was released from "the SHU." (*See generally* ECF No. 39.)[1] On June 26, 2020, Respondent filed opposition, arguing that Petitioner was not entitled to relief under either Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). (ECF No. 41.) Petitioner

---

[1] Plaintiff submitted multiple exhibits with his letter. (ECF No. 39 at 3–8.) These exhibits specifically allege that prison officials apparently took legal documents related to a civil rights complaint Plaintiff had filed and interfered with his ability to obtain a six-month prison account statement that he needed to submit in that case. (*Id.* at 4–5.) However, none of these exhibits indicate that officials interfered with Petitioner's ability to file a notice of appeal of his § 2255 or to file a motion for an extension of time with this Court. (*See generally* ECF No. 39.)

thereafter filed a reply. (ECF No. 42.) His reply reiterated that he did not receive his legal documents until after he was released from "the SHU" on June 21, 2019 and argued that the Court was aware of his intention to file an appeal based on his request for appeal forms. (*Id.* at 2.)

## II. DISCUSSION

Generally, a petitioner must file his notice of appeal within 30 days from the entry of the order, or within 60 days when one of the parties is the United States. *See* Fed. R. App. P. 4(a)(1). It is not disputed that Petitioner filed his notice of appeal outside of the 60-day filing deadline. The opinion and order denying Petitioner's § 2255 was issued on March 27, 2019 and Petitioner did not file a notice of appeal until November 10, 2019, more than 220 days later. There are, however, two Federal Rules of Appellate Procedure that may extend the time for filing: Federal Rule of Appellate Procedure 4(a)(5), which provides for the extension of time to file an appeal, and 4(a)(6), which provides for the ability to reopen the time to file an appeal. The Court will discuss each Rule, and their applicability to this case, in turn.

### A. Federal Rule of Appellate Procedure 4(a)(5)

Federal Rule of Appellate Procedure 4(a)(5)(A) permits a district court to extend the time to file a notice of appeal if:

(i) the party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

Here, Petitioner did not move before this Court for an extension of time to file his appeal. Even after he received notice on June 17, 2019 that his § 2255 was denied, none of his correspondence to the Court requested, or even referenced, an extension. *See Poole v. Family*

4

*Court of New Castle Cty.*, 368 F.3d 263, 267 (3d Cir. 2004) (expressly stating that "an extension may not be granted under Appellate Rule 4(a)(5) unless a motion is filed"); *Herman v. Guardian Life Ins. Co. of Am.*, 762 F.2d 288, 289 (3d Cir. 1985) ("the filing of a motion is expressly required to obtain an extension of time").[2]

Petitioner did file correspondence on June 21, 2019 requesting appeal forms, but the letter did not seek an extension of time. (ECF Nos. 22, 23, 24, 25, 26.) Thus, the Court did not, and does not, construe that filing as a motion under Rule 4(a)(5). "A motion is an application for relief addressed to a court. More precisely, it is, '[a] written or oral application requesting a court to make a specified ruling or order.'" *Knickerbocker v. Artuz*, 198 F. Supp. 2d 415, 417–18 (S.D.N.Y. 2002) (quoting *Black's Law Dictionary* 1031 (7th ed.1999)). Moreover, the Third Circuit has previously stated in dicta that an individual's submission to a district court stating that they wished to appeal the dismissal of a complaint could not be construed as a request for an extension under Rule 4(a)(5). *Kent v. Philadelphia Dep't of Human Servs.*, 813 F. App'x 736, 737 n.1 (3d Cir. 2020). Here, the first time Petitioner indicated that he wanted an extension was when he filed his notice of appeal with the Third Circuit on November 10, 2019. By that time, however, the deadline for seeking an extension under Federal Rule of Appellate Procedure 4(a)(5) had expired. *See* Fed. R. App. P. 4(a)(5)(i) (stating that a party must file a motion for an extension of time within 30 days after the time to file an appeal expires). Accordingly, Petitioner is not entitled to relief under Federal Rule of Appellate Procedure 4(a)(5).[3]

---

[2] The Court notes that, to the extent Petitioner's notice of appeal may be construed as motion for an extension under Rule 4(a)(5), the Third Circuit has expressly rejected that argument. *See Poole*, 368 F.3d at 267 (recognizing that a "notice of appeal may not be construed as a motion to extend the time to appeal" under Rule 4(a)(5)).

[3] The Court notes that Petitioner provided no explanation as to why he was unable to request an extension or to file a notice of appeal until several months after he learned of the Court's denial. (*See generally* ECF No. 39; ECF No. 42 at 1.) He states that he did not have access to his legal

### B. Federal Rule of Appellate Procedure 4(a)(6)

Federal Rule of Appellate Procedure 4(a)(6) also provides a mechanism for extending a Petitioner's time to file a notice of appeal. Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days *after the judgment or order is entered* or within 14 days *after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry*, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced

Fed. R. App. P. 4(a)(6) (emphasis added).

The time limits set forth in Rule 4(a)(6) are "mandatory and jurisdictional" and "are not subject to equitable modification." *Baker v. United States*, 670 F.3d 448, 454–56 (3d Cir. 2012). The 180-day time period is the "outer limit" to file a motion to reopen and "'[a]n appeal cannot be brought more than 180 days after entry, no matter what the circumstances.'" *Id.* at 456 (quoting 2005 Advisory Committee Notes to Appellate Rule 4(a)(6)). Just as a court may not *extend* the 180-day limit, a court may also not "exclude time lost due to prison delay in calculating the timeliness" of an appeal under Rule 4(a)(6). *Id.* at 456–60.

Here, Petitioner is not entitled to relief under Rule 4(a)(6) either. After Petitioner allegedly received notice of the Court's judgment on June 17, 2019, he did not, within 14 days, file a motion

---

documents until after he was released from "the SHU" on June 21, 2019, but he has not demonstrated excusable neglect or good cause that would have hindered his ability to request an extension or to file a notice of appeal after that date. (*See generally* ECF Nos. 39, 42.)

to reopen his time to appeal.  The 180-day outer limit provided Petitioner until September 23, 2019 to file his motion to reopen, but he never filed such a motion.  In fact, Petitioner never filed a motion to reopen his time to appeal at all.  Rather, as stated above, the first time Petitioner even mentioned an extension of time was when he filed the notice of appeal on November 10, 2019.  As a result, Petitioner did not meet the mandatory and jurisdictional time limits set forth by Rule 4(a)(6).[4]

### III.   CONCLUSION

For the reasons stated above, the Court does not find that Petitioner is entitled to relief under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6).  An appropriate Order follows.

DATED: January 12, 2021   s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[4] Similar to Rule 4(a)(5), a notice of appeal does not qualify as a motion to reopen under Rule 4(a)(6).  *Poole*, 368 F.3d at 269 ("[R]elief under both Appellate Rules 4(a)(5) and 4(a)(6) requires the filing of a motion, not just a notice of appeal. We understand that this interpretation may lead to harsh results under both rules, and it may be that it would be preferable to treat a *pro se* notice of appeal as a motion under both rules. But we believe that Appellate Rules 4(a)(5) and 4(a)(6) must be read consistently, and thus we conclude that Rule 4(a)(6) demands a motion.").